Issued January 31, 2008















Issued January 31, 2008

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00072-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



GARY DON BACON, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 1057621

 








 



MEMORANDUM OPINION

          A jury convicted Gary Bacon of murder
and, upon finding true two enhancements included in the indictment, assessed
punishment at twenty-five years’ confinement. 
Tex. Pen. Code Ann. §
19.02 (Vernon 2007).  Bacon’s counsel on appeal
has submitted a brief stating her professional opinion that the appeal is
without merit and that there are no arguable grounds for reversal.  See Anders
v. California,
386 U.S.
738, 744, 87 S. Ct.
1396, 1400 (1967).  Bacon responded pro
se.  In his first and second issues,
Bacon asserts that the trial court abused its discretion in allowing the State
to call witnesses that were not disclosed in response to a discovery order or
on the subpoena list.  Alternatively, Bacon
claims the trial court erred in not granting a continuance to allow him to
prepare for this testimony.  In his third
and fourth issues, Bacon contends that his trial counsel was ineffective and
asserts that he should be granted a new trial because he did not receive a
complete reporter’s record.  We have
reviewed the record and, having found no arguable ground for appeal, we affirm Bacon’s
conviction.  

Background

          On
February 11, 2006, around midnight, Bacon and two friends stopped by their
neighborhood gas station.  Upon entering
the convenience store, Bacon encountered the complainant, Anthony Jackson.  Bacon had loaned Jackson
his cell phone sometime before, and asked Jackson
to return it.  Jackson did not have it with him, and an
argument ensued.  As the argument
continued, they left the store, presumably to fight in the parking lot.  Not long after, Bacon pulled out a firearm.  Jackson
turned to flee, but Bacon shot him in the back of the head.  Jackson’s
girlfriend was in her car in the parking lot, and immediately went to his
aid.  Bacon walked over to Jackson, and then walked
back to his car and left the scene.  Jackson died at the
hospital several hours later.

          At
trial, Bacon claimed that Jackson
had pulled up his shirt to reveal a gun. 
Bacon testified that his life was in danger, and he shot Jackson in
self-defense.  Bacon’s two friends, who
had accompanied him to the gas station, testified that they did not see Jackson
with a weapon at any time.  A witness at
the scene also testified that she did not see Jackson with
a gun.  The police did not find any weapons
on Jackson
or at the scene.  Jackson’s girlfriend testified that she
stayed with Jackson
until the ambulance arrived and did not see anyone remove anything from Jackson’s
body.  When he learned that the police
were looking for him, Bacon turned himself in.

Anders Procedure

The brief submitted by Bacon’s
court-appointed counsel states her professional opinion that there are no
arguable grounds for reversal on appeal and that any appeal would, therefore,
lack merit.  See Anders, 386 U.S.
at 744, 87 S. Ct.
at 1400.  Counsel’s brief meets the
minimum Anders requirements by
presenting a professional evaluation of the record and stating why there are no
arguable grounds for reversal on appeal. 
See Gainous v. State, 436
S.W.2d 137, 138 (Tex. Crim. App. 1969). 
Counsel sent a copy of the brief to Bacon, requested permission to
withdraw from the case, and notified Bacon of his right to review the record
and file a pro se response.

When we receive an Anders brief from a defendant’s
court-appointed attorney who asserts that no arguable grounds for appeal exist,
we must determine that issue independently by conducting our own review of the
entire record.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that
reviewing court—and not counsel—determines, after full examination of
proceedings, whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We also consider any pro se response, which
the defendant files, to his appointed counsel’s Anders brief.  See Bledsoe v. State, 178 S.W.3d 824,
826–28 (Tex.
Crim. App. 2005). 

Thus, our role in this Anders appeal, which consists of
reviewing the entire record while remaining mindful of the defendant’s pro se
contentions, is limited to determining whether arguable grounds for appeal
exist.  See id. at 827.  If we
determine that arguable grounds for appeal exist, we abate the appeal and
remand the case to the trial court to allow the court-appointed attorney to
withdraw.  See id.  Then, the trial
court either appoints another attorney to present all arguable grounds for
appeal or, if the defendant wishes, allows the defendant to proceed pro
se.  See
id.  We do not rule on the ultimate
merits of the issues raised by Bacon in his pro se response.  If we determine that arguable grounds for
appeal do exist, Bacon is entitled to have new counsel address the merits of
the issues raised.  See id.  “Only after the
issues have been briefed by new counsel may [we] address the merits of the
issues raised.”  Id.  

On the other hand, if our independent
review of the record leads us to conclude that the appeal is wholly frivolous,
we may affirm the trial court’s judgment by issuing an opinion in which we
explain that we have reviewed the record and find no reversible error.  See id.
at 826–28.  Bacon may challenge the
holding that there are no arguable grounds for appeal by petitioning for
discretionary review in the Court of Criminal Appeals.  Id. at 827
& n.6.  

Following Anders and Bledsoe, we
have reviewed the record, Bacon’s appointed counsel’s Anders brief, and Bacon’s pro se response to that brief and
conclude that no arguable ground for appeal exists.  Accordingly, we affirm the judgment of the
trial court and grant Bacon’s appointed counsel’s motion to withdraw.[1]  

Conclusion

 

We affirm the judgment
of the trial court and grant appointed counsel’s motion to withdraw.  

 

 

 

 

                                                                             Jane Bland

                                                                             Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.

Do not publish.  Tex.
R. App. P. 47.4.

 

 











[1] Appointed counsel still has a duty to inform appellant
of the result of this appeal, send appellant a copy of this opinion and
judgment, and notify appellant that he may, on his own, pursue discretionary
review in the Court of Criminal Appeals.  Tex. R. App. P. 48.4; see also Bledsoe v. State, 178
S.W.3d 824, 827 (Tex. Crim. App. 2005); Ex parte Wilson,
956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d
770, 771–72 (Tex. App.—Houston
[1st Dist.] 2000, no pet.).